LARRY LAWSON,                          )
                                       )
           Plaintiff,                  )
                                       )
v.                                     )          No.    2:26-CV-015-TRM-CRW
                                       )
HAMBLEN COUNTY JAIL,                   )
                                       )
           Defendant.                  )

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner[1] housed in the

Hamblen County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging

various incidents during his confinement (Doc. 2), a motion for leave to proceed *in forma*

*pauperis* (Doc. 1), and letters in which he appears to add allegations to his complaint and

indicates that "the sheriff" will not provide him the required documents to proceed *in forma*

*pauperis* (Docs. 6, 7). For the reasons set forth below, Plaintiff's motion for leave to proceed *in*

*forma pauperis* (Doc. 1) will be **GRANTED**, the Court finds that the complaint (Doc. 2) and

letters (Docs. 6, 7) fail to state a claim upon which relief may be granted under § 1983, the Clerk

will be **DIRECTED** to send Plaintiff a form § 1983 complaint that he may use to bring his

medication and medical claims against other defendants, and this action will be **DISMISSED**.

## I.      FILING FEE

As the record indicates that Plaintiff has been unable to obtain the required *in forma*

*pauperis* documents despite the Court's previous order (Doc. 5) and him attempting to do so

---

[1] The Court takes judicial notice that Plaintiff is a convicted prisoner.
https://foil.app.tn.gov/foil/details.jsp (last visited March 31, 2026).

(Doc. 7), the Court will not allow this administrative requirement to further delay this case. Thus, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**, and he is **ASSESSED** the $350.00 civil filing fee. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.      Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim

[at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial PLRA review, a prisoner complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of

the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that

does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible

claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold

them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519,

520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person

acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

According to Plaintiff, inmates do not receive medicine properly, and he does not get his

medicine "half the time" (Doc. 2, at. 4). Also, after Plaintiff had his gallbladder taken out,

unspecified officers put him back in his pod "not even heal[e]d up" (*Id.*). Plaintiff then "had to

get [his] gallbladder remade" because unspecified people failed to give him treatment, and "[he]

almost died before[e] they did anything" (*Id.*). Plaintiff claims that he is "now . . . all messed up

on the inside" and still does not receive his medicine the way he is supposed to receive it (*Id.*).

Plaintiff additionally states that he is on the floor even though he needs assistance getting up and

down, and that he cannot walk around like the doctor wants him to do (*Id.*).

Plaintiff then lists various conditions of his confinement, which he sets forth as follows:

1. They have got 5 people in a cell
2. Mold in the shower
3. They piss in the shower and don't clean it
4. They hold misdemeanors with felons
5. Medical charges the state inmates for meds
6. Medical ignores our need for meds
7. Rec 30 min to 45 and that's all for the day
8. Half a mat is what they have got us on in the floor
9. They give us half our visits
10. Clothing they make us w[ear] them for 5 weeks at a time
11. Mail they don't send out mail for 30 days at a time
12. The officers are disrespectful all the time
13. They beat people and make fun of it
14. They have us liv[]ing right beside a shit hole

(*Id.*).  Plaintiff sues only the Hamblen County Jail, and he seeks injunctive relief (*Id.* at 1, 3, 5).

Also, despite the Court notifying Plaintiff (1) that any proposed amendments to his complaint would not have effect until after the Court screened the complaint and (2) that he must attach a complete proposed amended complaint to any motion to amend (Doc. 3, at 2), Plaintiff subsequently sent the Court two letters in which he repeats allegations from his complaint but also includes new allegations and requests for relief (Docs. 6, 7).  In the first letter, Plaintiff now states that after he had his gallbladder out, unspecified individuals would not "give [him] any treatment," and when he did receive treatment, it was not the right medicine (Doc. 6, at 1). Plaintiff also claims that he has a stent that needs to be removed, but unspecified individuals will not take him to the doctor, and that he wants his doctor bills paid, as well as "pain and suffering" (*Id.*).  In his second letter, Plaintiff now claims that unspecified officers are throwing his papers away and threatening to move him because of him filing a lawsuit, that he has not received eyeglasses, and that "the sheriff" refused to allow Plaintiff to have eyeglasses that his parents brought for him (Doc. 7, at 1).

### C.    Analysis

#### 1.    Letters

First, to the extent that Plaintiff seeks to amend his complaint through the two letters he sent the Court prior to the Court screening his complaint (Docs. 6, 7), the Court previously warned Plaintiff that such amendments have no effect (Doc. 3, at 2). Additionally, neither of these letters contains or is accompanied by a complete proposed amended complaint. Thus, even if the Court liberally construes these letters as motions to amend the complaint, both the Court's prior order and the Court's local rule are grounds to deny them. E.D. Tenn. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion."). Nevertheless, the Court additionally notes that, for the reasons set forth below, Plaintiff's new allegations in these letters do not state a plausible claim for violation of § 1983.

### 2. Hamblen County Jail

As set forth above, Plaintiff has only sued the Hamblen County Jail (Doc. 2, at 1, 3). But this is not an entity subject to suit under §1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, Defendant Hamblen County Jail is **DISMISSED**.

### 3. Hamblen County

Additionally, even if the Court liberally construes Plaintiff's complaint as against Hamblen County (which is an entity subject to suit under §1983 and the municipality responsible for the Hamblen County Jail), this municipality may not be liable under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, Hamblen County may be liable under § 1983 only where "execution of [its]

5

policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* Such a claim may be based on the following:

(1) the existence of an illegal official policy or legislative enactment;
(2) that an official with final decision making authority ratified illegal actions;
(3) the existence of a policy of inadequate training or supervision; or
(4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

Plaintiff provides no facts from which the Court can plausibly infer that a custom or policy of Hamblen County, rather than the actions of individuals employed in the jail, motivated (1) his inability to regularly receive his medications; (2) his inability to obtain proper medical care for his gallbladder and stent; (3) the mold and urine in the shower; (4) delayed sending of mail; or (5) the alleged officers' disrespect, force, and threats. As such, these allegations fail to state a plausible claim for § 1983 relief against Hamblen County, and they are **DISMISSED**.

However, the Court can liberally construe the Plaintiff's following allegations that occurred due to an alleged custom or policy of Hamblen County: (1) that there are five inmates in a cell; (2) that the jail holds misdemeanor inmates with convicted felons; (3) that the jail charges for medical care; (3) that inmates get thirty to forty-five minutes of recreation time; (4) that inmates get "half [their] visits"; (5) that inmates wear clothing for five weeks; (6) that the inmates "live[] right beside a shit hole"; and (7) that he has not received eyeglasses. Accordingly, the Court will address these claims in turn based on their substance.

Also, for the reasons set forth below, the Court will direct the Clerk to send Plaintiff a § 1983 complaint form so that he may pursue his medical claims against medical providers.

### a.     Cell Population

6

As set forth above, Plaintiff states that the jail has five people in a cell, that his bed is on the floor even though he needs assistance to get up and down, and that he has only received half a mat to sleep on the floor (Doc. 2, at 4). The Court liberally construes these allegations to allege that overcrowding has caused Plaintiff to sleep on the floor, and that he only received half a mat.

It is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted).

Plaintiff's allegation that he received "half a mat" to sleep on the floor is conclusory and does not allow the Court to plausibly infer that a custom or policy of Hamblen County caused this "half a mat" assignment, or that he has been subjected to an extreme deprivation of a life necessity due to only having "half a mat." Moreover, Plaintiff's general allegations that the jail is overcrowded and he sleeps on the floor do not rise to the level of constitutional violations. *Rishton v. Sullivan Cnty. Sheriff's Dep't*, No. 2:07-CV-78, 2010 WL 1257989, at *3 (E.D. Tenn. Mar. 25, 2010) ("A prisoner has no right to sleep on an elevated bed") (internal citations omitted); *Rhodes*, 452 U.S. 347–48 (finding that overcrowding alone is not a constitutional violation). And while Plaintiff also alleges that he requires assistance to get down and up from sleeping on the floor, he does not provide any facts about this need for assistance that allows the Court to plausibly infer that him sleeping on the floor rises to the level of an extreme deprivation for which Hamblen County may be liable under §1983. Accordingly, these allegations fail to state a plausible claim for § 1983 relief, and they are **DISMISSED**.

          **b.**      **Mixing Inmates**

7

Plaintiff also states that the Hamblen County Jail holds inmates convicted of misdemeanors and inmates convicted of felonies together (Doc. 2, at 4). Prison officials have a duty to take reasonable measures to protect prisoners' safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). A prison official fails to protect a prisoner where the prisoner is "incarcerated under conditions posing a substantial risk of serious harm," and the official is deliberately indifferent to that risk. *Id*. at 834. A substantial risk of serious harm is one that is "excessive" and "not one that today's society chooses to tolerate." *Zakora v. Chrisman*, 44 F.4th 452, 469 (6th Cir. 2022) (citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993) and quoting and citing *Farmer*, 511 U.S. at 834).

Plaintiff has not set forth any facts from which the Court can plausibly infer that Hamblen County's alleged policy of housing inmates convicted of felonies and inmates convicted of misdemeanors together causes an excessive risk of harm to him, or that Hamblen County has been deliberately indifferent to any such risk. Accordingly, this allegation fails to state a plausible claim for violation of § 1983, and it is **DISMISSED**.

### c. Medical Charges

Plaintiff also asserts that the Hamblen County Jail charges state inmates for medicines (Doc. 2, at 4). But requiring non-indigent inmates to pay for medications is permissible under the constitution. *See*, *e.g.*, *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation); *Lee v. Hatcher*, No. 3:16-CV-02590, 2016 WL 5467948, at *3 (M.D. Tenn. Sept. 29, 2016) ("Advising Plaintiff to purchase over-the-counter medication from the commissary, rather than continually dispensing it to him for free, also does not constitute deliberate indifference in the absence of any showing that Plaintiff lacks the funds to purchase the medication."); *Slattery*

8

*v. Mohr*, No. 2:11-CV-202, 2012 WL 2931131, at *8 (S.D. Ohio July 17, 2012) (finding policy that forced the plaintiff to purchase over-the-counter medications from commissary was not an Eighth Amendment violation where the plaintiff was not denied medical care due to his inability to afford it). Plaintiff does not allege he was denied medications due to being unable to pay for them. As such, this allegation does not state a plausible claim for violation of § 1983, and it is **DISMISSED**.

### d. Recreation

Plaintiff also claims that Hamblen County inmates only receive thirty to forty-five minutes of recreation per day (Doc. 2, at 4). But this allegation does not allow the Court to plausibly infer that Plaintiff does not receive sufficient exercise opportunities to maintain reasonably good physical and mental health. This allegation also makes it apparent that Plaintiff receives daily recreational opportunities. Accordingly, this statement fails to state a plausible claim for relief under § 1983. *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (providing that prisoners are entitled to sufficient exercise opportunities to maintain reasonably good physical and mental health and that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification," may violate the Eighth Amendment). As such, it is **DISMISSED**.

### e. Visitation

Plaintiff also complains that inmates get "half [their] visits" (Doc. 2, at 4). While prisoners retain their constitutional rights that are not inconsistent with their status as prisoners and/or legitimate penological interests, the right to free association under the First Amendment is "among the rights least compatible with incarceration." *Overton v. Bazzeta*, 539 U.S. 126, 131 (2003). Further, courts "must accord substantial deference to the professional judgment of

9

prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.* at 132. The Supreme Court has held that reasonable limits on, among other things, the timing of visitation in a prison context are permitted. *Pell v. Procunier*, 417 U.S. 817, 826 (1974).

Plaintiff does not set forth any facts from which the Court can plausibly infer that a custom or policy of Hamblen County caused him not to receive visitation in a manner that violated his constitutional rights, rather than, for example, constitutional limitations on the timing of Hamblen County Jail visitation. As such, Plaintiff's conclusory allegation regarding visitation fails to state a plausible claim for relief under § 1983, and it is **DISMISSED**.

### f. Clothing

Plaintiff additionally claims that inmates wear their clothing for five weeks (Doc. 2, at 4). But while a denial of clean clothing for an extended period of time could be a constitutional violation, Plaintiff does not provide facts from which the Court can plausibly infer that this is the case here, as he does not state that inmates cannot clean their clothing during the five weeks, or that he has suffered any ill effects from receiving clothing every five weeks. *Williams v. Nolan*, No. 2:25-cv-115, 2025 WL 2388203, at *3 (W.D. Mich. Aug. 18, 2025) (finding that the plaintiff's allegation that he was denied clean clothing for thirty days did not state a plausible Eighth Amendment claim, as it allege a temporary inconvenience, rather than a "severe or prolonged lack of sanitation," and the plaintiff did not allege any "physical illness or [] disease" due to the clothing) (collecting cases) (citations and quotations omitted). As such, Plaintiff does not "nudge[] [this claim] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and it is **DISMISSED**.

### g. Location

Plaintiff's allegation that the jail inmates **"**live[] right beside a shit hole" is wholly conclusory and fails to allow the Court to plausibly infer a violation of his constitutional rights. Accordingly, it is likewise **DISMISSED**.

### h. Eyeglasses

As set forth above, Plaintiff alleges in a letter that he has not been able to obtain eyeglasses in jail, and that "the sheriff" would not allow him to have eyeglasses that his parents attempted to bring him (Doc. 7, at 1). However, as caselaw establishes that Plaintiff's need for eyeglasses is not a serious medical need, these allegations fail to state a plausible claim for violation of the Eighth Amendment. *Harris v. Likens*, No. 1:20-CV-00049, 2021 WL 1213287, at *3 (M.D. Tenn. Mar. 31, 2021) (finding that a prisoner's allegations regarding his "need for vision correction and treatment of associated symptoms" failed to allege a serious medical need and citing cases with similar holdings) (citations omitted); *Sanders v. Prison Health Servs., Inc.*, No. 2:10-CV-12846, 2013 WL 878747, at *5 (E.D. Mich. Jan. 29, 2013) (providing that "poor vision and need for eyeglasses do not by themselves constitute a serious medical need"). As such, this claim is **DISMISSED**.

### i. Medical Claims

As set forth above, Plaintiff's claims regarding his inability to regularly obtain his medications and his inability to obtain medical care for his gallbladder and stent issues do not allow the Court to plausibly infer that a custom or policy of Hamblen County caused a violation of his constitutional rights. The Court notes, however, that Plaintiff could conceivably state plausible § 1983 claims against jail medical providers based on these claims. But any such claims would not be properly joined with the conditions-of-confinement claims that the Court

11

has liberally construed as against Hamblen County and screened under the PLRA herein.[2]

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint, so that

Plaintiff may file a new lawsuit asserting his medical care claims against different defendants, if

he chooses to do so.

## III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate

---

[2] Specifically, while Rule 18(a) allows a plaintiff to join as many claims as he has against an opposing party, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit.  *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in a complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-CV-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).  Thus, any claims Plaintiff may file against jail medical providers arising out of his gallbladder, medication, and stent issues would not be properly joined with Plaintiff's conditions-of-confinement claims that the Court has liberally construed as against Hamblen County herein.

accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

13